IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RICHARD RAY HARRIMON,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent. | § § § § § § § § § § § | NO.   7:15-CV-152-D-KA<br>      (7:07-CR-017-D)<br><br>**Referred to U.S. Magistrate Judge** |

## REPORT AND RECOMMENDATION

By automatic referral, Petitioner's Motion under 28 U.S.C. §2255 (ECF-1) was referred to the undersigned. *See* Special Order No. 3. By his motion Petitioner Harrimon seeks to vacate his federal sentence in the light of *Johnson v. United States*, 135 S. Ct. 2251 (2015) which announced a new rule of constitutional law in declaring that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) is unconstitutionally vague. The United States has responded in opposition to the Motion on the ground that even though *Johnson* established a new rule of constitutional law the Fifth Circuit's November 12, 2015 holding in *In re: Anthony Allen Williams*, 2015 U.S. App. LEXIS 19732, precludes relief because *Johnson* is not available to Harrimon on collateral review. Petitioner Harrimon counters that in *Williams* the petitioner was asserting his right under *Johnson* in a *successive* collateral petition, whereas Harrimon is asserting his right under Johnson in an *original* collateral petition. I conclude that this is a distinction without a difference. I conclude that under the controlling Fifth Circuit authority announced in the *Williams* case Petitioner Harrimon is not entitled to relief under 28 U.S.C. §2255. In the light of the controlling holding in the *Williams* case, I find that further delay for further response by Petitioner is

1

unwarranted. Accordingly, I recommend to the District Court that Petitioner's Motion be promptly

DENIED.

## Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 17th day of November, 2015.

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE