IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RICHARD RAY HARRIMON, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 7:15-CV-152-D |
| VS. | § | |
| | § | (Criminal No. 7:07-CR-017-D) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner's November 17, 2015 unopposed request for expedited decision is granted.

After making an independent review of the pleadings, files, and records in this case, and considering the November 17, 2015 report and recommendation of the magistrate judge and petitioner's November 18, 2015 objections, the court concludes that the findings and conclusions of the magistrate judge are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted.

In denying this petition, the court emphasizes that it is not unsympathetic to petitioner's plight. The very vagueness in the Armed Career Criminal Act (the "Act") that prompted the Supreme Court to strike it down in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2251 (2015), led this court when originally sentencing petitioner to follow the rule of lenity and conclude that the Act did not apply. It was only after this court's original sentence was reversed on the government's appeal that the court imposed a mandatory minimum sentence under the Act. Nevertheless, the Fifth Circuit's recent decision in *In re Williams*, ___ F.3d ___, 2015 WL 7074261 (5th Cir. Nov. 12, 2015), unmistakably forecloses habeas relief based on *Johnson*.

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's report and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S.473, 484 (2000).

If petitioner files a notice of appeal,

( )   petitioner may proceed *in forma pauperis* on appeal.

(X)   petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

November 19, 2015.

<em>[signature]</em><br>
SIDNEY A. the very KITZWATER<br>
UNITED STATES DISTRICT JUDGE